# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DONNA K. REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-04155-CV-W-NKL |
| | ) |
| BOARD OF TRUSTEES OF COLUMBIA | ) |
| COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant Columbia College of Missouri's[1] ("Columbia College") Motion to Dismiss Counts I, IV, VII and VIII of Donna K. Reed's ("Reed") original complaint [Doc. # 5]. For the following reasons, Columbia College's motion is GRANTED in part and DENIED in part.

## I.      COLUMBIA COLLEGE'S MOTION TO DISMISS REED'S COMPLAINT

### A.      Overview

Columbia College employed Reed as an associate professor in Columbia College's Department of Education as Director of Field Experiences beginning with the 2003-04 academic term. (Compl. Ex. D). Columbia College renewed Reed's appointment for the 2004-05, 2005-06 and 2006-07 terms, but moved her from Director of Field Experiences

---

[1]The parties dispute whether the proper defendant is the Board of Trustees of Columbia College or Columbia College of Missouri. (Def. Mot., 1).

1

to Department Chair and then to coordinator of Columbia College's DAYSTAR and MAT programs, both of which are programs for training and certifying new teachers. Reed claims that with each re-appointment she was granted small or no increases in salary. *Id*. Moreover, she alleges that male associate professors having similar skill, effort and responsibility were paid approximately $13,000 more per year than the two female associate professors who were similarly situated. (Compl. ¶ 16). Reed also alleges that she received no written reprimand and passed her mid-term tenure review during the 2005-06 academic term. *Id*.

On July 10, 2006, Columbia College President Gerard Brouder notified Reed by letter that she would not be re-appointed for the 2007-08 academic term and that she would be placed on leave with pay for the 2006-07 term. (Compl. Ex. C). After that notice, Reed filed a grievance with Columbia College which was denied without a hearing. (Compl. ¶ 29). Reed alleges that this denial violates her due process rights. *Id*. ¶ 29-31. Reed timely filed charges of discrimination with the Missouri Human Rights Commission and the Equal Employment Opportunity Commission, both of which issued her right to sue letters. (Compl. Ex. E - F). Reed sued Columbia College in the Circuit Court of Boone County, Missouri, for violation of her rights under the Missouri and U.S. Constitutions and 42 U.S.C. § 1983; the Equal Pay Act; retaliation under the Missouri Human Rights Act ("MHRA"); discrimination on the basis of sex and age in violation of Title VII of the Civil Rights Act; breach of bilateral contract; and, tortious interference with her contract of employment with Columbia College. Columbia College removed

2

Reed's action to this Court on August 10, 2007.

Columbia College now argues that Reed can claim no state action which violated her rights under 42 U.S.C. § 1983; she has no valid retaliation claim under the MHRA since Columbia College's alleged violations occurred before she filed her grievance; she cannot simultaneously allege breach of bilateral contract and tortious interference of her employment contract; and, she has no basis for punitive damages under federal or Missouri law. (Def. Mot., 1-3).

**B.     Discussion**

Under the federal notice pleading requirement, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court explained that this standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (May 21, 2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff. *Id.*; *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588,

3

590 (8th Cir. 2004).

### 1. Count I - Violation of Due Process Rights under Missouri and U.S. Law

Columbia College has moved to dismiss Count I of Reed's complaint because Columbia College is a private institution of higher learning and therefore there is no state action to sustain a section 1983 claim. Section 1983 provides in pertinent part that "[e]very person who, under color of" state or federal law, deprives a citizen of rights established under state or federal law, shall be liable "in an action at law . . ." 42 U.S.C. § 1983. Reed responds that she has properly pled (1) a predicate constitutional violation, and (2) that a custom or policy of the College caused the violation. *Maniaci v. Georgetown University*, 2007 U.S. Dist. LEXIS 66236 (D.D.C. 2007). In *Maniaci*, the district court ruled that the plaintiff properly met the state action requirement of section 1983 against Georgetown University because an administrator ordered or acquiesced in the removal of an attendee at an academic conference panel by campus police, specially commissioned by the District of Columbia. *Id.* *Maniaci*, therefore, is easily distinguished as Columbia College did not employ, nor acquiesce in the exercise of, state action by a state actor.

This Court and the Eighth Circuit undertook extensive analysis of "state action" in *Wickersham v. City of Columbia*, 481 F.3d 591 (8th Cir. 2007), finding that there must be a "close nexus" between the government and the alleged constitutional or statutory deprivation. *Wickersham*, 481 F.3d at 597; *see also Wickersham v. City of Columbia*, 371

4

F. Supp. 2d 1061 (W.D. Mo. 2005). In *Wickersham*, Salute to Veterans Corporation sought to exclude all First Amendment activity at its air show that was open to the public. *Wickersham*, F. Supp. 2d at 1064. The City of Columbia ran the airport during the air show and provided critical support for the event. As in *Manciani*, the Salute to Veterans Corporation was entitled to direct the Columbia police to remove unwanted persons. *Wickersham*, F. Supp. 2d at 1077. Because the City of Columbia and the Salute to Veterans Corporation were integrally involved in the Memorial Day Air Show, the Court found state action. Here, Reed has set forth no set of facts to show state action nor explained how a "close nexus" could be found between her dismissal and any U.S. or Missouri "state action." The Court, therefore, grants Columbia College's motion to dismiss Count I.

### 2.      Count IV - Retaliation and Violation of MHRA

Columbia College has moved to dismiss Count IV of Reed's complaint which is based on violation of Mo. Rev. Stat. § 213.055, for retaliation. According to Columbia College, it took no action after Reed filed her grievance on July 13, 2007, upon which a retaliation claim may be based. (Def. Brief, 5). Reed responds that Columbia College retaliated "by denying her scheduled summer teaching duties, and denying her the opportunity to teach an online course after it had already been approved." (Pl. Brief, 7). In order to establish a *prima facie* case for retaliation, Reed must establish that: 1) she engaged in activity protected by the MHRA or other statutorily protected activity; 2) Columbia College took an adverse employment action against her; and 3) a causal

connection exists between her protected activity and the alleged adverse employment action. *Blackwell v. DaimlerChrysler Corp.*, 399 F. Supp. 2d 998, 1007 (E.D. Mo. 2005). Reed has not set forth a *prima facie* case for retaliation. Reed does not dispute that Columbia College took no further action on her employment after July 13, 2006, when she filed her grievance; therefore, she cannot establish that her grievance caused Columbia College to take an adverse employment action against her. *See Kasper v. Federated Mut. Ins. Co.*, 425 F.3d 496, 503 (8th Cir. 2005). Count IV is dismissed.

### 3.    Count VII - Tortious Interference with Contract

Columbia College has moved to dismiss Count VII of Reed's complaint based on tortious interference with her "valid business relationship and expectancy" with Columbia College because a claim for tortious interference is available only against a third party. (Compl. ¶ 57); *White v. Land Clearance for Redevelopment Authority*, 841 S.W.2d 691, 695 (Mo. Ct. App. 1992). Reed responds that President Brouder and Vice-President Smith are the required third parties who lost their status as agents of Columbia College when they "with malice and for the purpose of intimidation and harassment" placed Reed on leave with pay and refused to re-appoint her. (Pl. Brief, 8). Under Missouri law, the elements of tortious interference with a contract or business expectancy are (1) a contract or valid business expectancy, (2) defendant's knowledge of the contract or relationship, (3) an intentional interference by the defendant inducing or causing a breach of the contract or relationship, (4) absence of justification, and (5) damages. *Wash Solutions, Inc. v. PDQ Mfg.*, 395 F.3d 888, 895 (8th Cir. 2005) (citing *Serv. Vending Co. v. Wal-*

*Mart Stores*, 93 S.W.3d 764, 769 (Mo. Ct. App. 2002)).  "[T]he tort of interference with a business expectancy cannot lie against a party to a contract which creates the business expectancy."  *Kelly v. State Farm Mut. Auto. Ins. Co.*, 218 S.W.3d 517, 525 (Mo. Ct. App. 2007).  Such a claim can only be made against a third party.  *See Century Management, Inc. v. Spring*, 905 S.W.2d 109, 114 (Mo. App. 1995).   Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference. *Fields v. R.S.C.D.B., Inc.*, 865 S.W.2d 877, 879 (Mo. App. 1993).  Here, Reed has not brought suit against Brouder or Smith in their individual capacities.  Suit is only brought against the Board of Trustees of Columbia College.  Therefore, Brouder and Smith, even if they acted maliciously, cannot be the third parties against whom Reed's claim for tortious interference is directed.  They are not parties to the lawsuit.  Because Reed's tortious interference claim is against the Board of Trustees, a contracting party, her claim must fail.

### 4.    Count VIII - Punitive Damages

Columbia College has moved to dismiss Count VIII of Reed's complaint solely on the basis that she cannot state a cognizable claim under Count I or Count VII of her complaint.  (Def. Brief, 7-8).  "Plaintiffs who seek punitive damages in employment discrimination cases face a formidable burden."  *Lawrence v. CNF Transp., Inc*., 340 F.3d 486, 495-96 (8th Cir. 2003) (citation omitted).  Both Title VII and the MHRA permit the award of punitive damages in limited circumstances. Under Title VII, Reed must

7

demonstrate that Columbia College engaged in discrimination "with malice or with reckless indifference to [her] federally protected rights." *Lawrence v. CNF Transp., Inc.*, 340 F.3d 486, 495-96 (8th Cir. 2003) (citing *Browning v. Pres. Riverboat Casino-Mo., Inc.*, 139 F.3d 631, 636 (8th Cir. 1998) (quoting 42 U.S.C. § 1981a(b)(1), and citing *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1063 (8th Cir. 1997)). Under the MHRA, Reed must show that Columbia College's conduct was "outrageous because of its evil motive or reckless indifference to the rights of others." *Kientzy v. McDonnell Douglas Corp.*, 990 F.2d 1051, 1062 (8th Cir. 1993). "Punitive damages under Missouri law are appropriate only upon a showing of discriminatory conduct that would 'shock the conscience' and cause outrage." *Browning*, 139 F.3d at 636-37 (quoting *Karcher v. Emerson Elec. Co.*, 94 F.3d 502, 509 (8th Cir. 1996)). Because Reed retains viable claims which would sustain an award of punitive damages upon sufficient proof of Reed's MHRA claim, the Court will not dismiss Count VIII of Reed's complaint. It is premature at this stage of litigation to evaluate whether Reed's claim for punitive damages is provable.

## II.   CONCLUSION

Accordingly, it is hereby ORDERED that

(1)   Columbia College's Motion to Dismiss Count I, Count IV and Count VII of Reed's Complaint [Doc. # 5] is GRANTED; and,

(2)   Columbia College's Motion to Dismiss Count VIII of Reed's Complaint [Doc. # 5] is DENIED.

8

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  December 12, 2007
Jefferson City, Missouri